# EXHIBIT A



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/232,769 | 01/15/1999 | YANBIN YU | 8898622-1 | 1471 |

7590    11/07/2002

JOE ZHENG
SVPA
7394 WILDFLOWER WAY
CUPERTINO, CA  94014

| EXAMINER |
|---|
| TOPPIN, CATHERINE J |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2612 | 4 |

DATE MAILED: 11/07/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

| *Office Action Summary* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 09/232,769 | YU ET AL. | |
| | Examiner | Art Unit | |
| | Catherine Toppin | 2612 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE _3_ MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on _____ .

2a)☐ This action is **FINAL**.        2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) _1-34_ is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _1,2 and 4-25_ is/are allowed.

6)☐ Claim(s) _3,26-29,31,33 and 34_ is/are rejected.

7)☐ Claim(s) _30 and 32_ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on _____ is/are: a)☐ accepted or b)☒ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved by the Examiner.

    If approved, corrected drawings are required in reply to this Office action.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____ .

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    a) ☐ The translation of the foreign language provisional application has been received.

15)☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .
4) ☐ Interview Summary (PTO-413) Paper No(s). _____ .
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: .

Application/Control Number: 09/232,769                                    Page 2

Art Unit: 2612

## DETAILED ACTION

### *Drawings*

1.      Figure 1 should be designated by a legend such as --Prior Art-- because only that which is

old is illustrated.  See MPEP § 608.02(g).  A proposed drawing correction or corrected drawings

are required in reply to the Office action to avoid abandonment of the application.  The objection

to the drawings will not be held in abeyance.

### *Claim Rejections - 35 USC § 112*

2.      The following is a quotation of the second paragraph of 35 U.S.C. 112:

> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the
> subject matter which the applicant regards as his invention.

3.      Claim 3 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing

to particularly point out and distinctly claim the subject matter which applicant regards as the

invention.  It is unclear what is meant by "said lenses made to cause said first and second image

sensors sensitive only to said full region of visible color spectrum."

### *Claim Rejections - 35 USC § 103*

4.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are
> such that the subject matter as a whole would have been obvious at the time the invention was made to a person
> having ordinary skill in the art to which said subject matter pertains.  Patentability shall not be negatived by the
> manner in which the invention was made.

5.      Claims 26-29 are rejected under 35 U.S.C. 103(a) as being unpatentable over Nagumo

(US 4506294) in view of Yamamoto (US 5436661).  Nagumo discloses a digital camera (solid

state camera) with three image sensors (1,2,and 3) closely positioned with respect to a common

plane with reference to an image target, with lenses mounted in front of all sensors. (See figure

Application/Control Number: 09/232,769                                    Page 3
Art Unit: 2612

7.) The sensors are respectively responsive to three primay colors and are thus coated with the three respective primary color filters. Nagumo is silent on the issue of a fourth sensor. Yamamoto, however, teaches the use of a fourth sensor that outputs a green color image for use as a luminance signal. The examiner takes Official Notice that it is well known in the art to substitute green color images for gray intensity images with regards to obtaining luminance signals. Thus, it would have been obvious to incorporate the fourth image sensor of Yamamoto in the apparatus of Nagumo in order to produce a gray (green) intensity image in order to improve the resolution and dynamic range of a full color image signal. Nagumo also discloses individual A/D conversion circuitry (17, 18 and 19) such that the images are digitized in parallel and simultaneously. Nagumo furthermore discloses a digital image processor (synthesizer) within the interpolation circuits that synthesizes the two images and produces an enhanced digital image from said first and second images. (See column 3, lines 1-10.) The examiner interprets the interpolation circuit (20, 21, and 22) of Nagumo as comprising image memory since, the images must be stored in order to be processed.

6.      Claim 31 is rejected over Nagumo in view of Yamamoto in further view of Fossum (US 6021172). Fossum discloses the integration of A/D conversion circuitry with an image sensor for a given pixel. (See column 2, lines 23-27.) It would have been obvious to one skilled in the art at the time of the invention to use the integrated A/D conversion circuitry of Fossum in the apparatus of Nagumo in view of Yamamoto in order to reduce the size of the components within the digital camera.

7.      Claims 33 and 34 are rejected as being unpatentable over Kodama (US 5414465) in view of Yamamoto. Kodama discloses a digital camera with three image sensors sensitive to the three

Application/Control Number: 09/232,769                                                Page 4
Art Unit: 2612

primary colors (red 3, green 4 and blue 5) closely positioned with reference to an image target.

(See figure 1.)  Kodama also discloses analog to digital circuitry (6, 7, 8) that digitizes the

images produced by the sensors of different intensities.  Kodama furthermore discloses image

memory (frame memory 9, 10, 11) that stores the images in addition to digital image processing

circuitry (interpolation circuits 12, 13, 14).  Kodama is silent on the issue of a fourth sensor.

Yamamoto, however, teaches the use of a fourth sensor that outputs a second green color image

sensor that is used to produce a luminance image.  The image produced from the fourth sensor is

used to enhance the dynamic range of the mixed signal. (See column 10, lines 63-66.)  Thus, it

would have been obvious to incorporate the fourth image sensor of Yamamoto in the apparatus

of Kodama in order to produce an additional intensity image that combined with the other three

intensity images improves the resolution and dynamic range of a resulting full color image

signal.

### *Allowable Subject Matter*

8.      Claims 1,2 and 4-25 are allowed. The following is a statement of reasons for the

indication of allowable subject matter: Prior art discloses image pickup devices comprised of up

to four image sensors, but is silent on the issue of one of said two or four image sensors being

sensitive to a full visible color spectrum in combination with other limitations within claims 1

and 6.

9.      Claim 3 would be allowable if rewritten to overcome the rejection(s) under 35

U.S.C. 112, second paragraph, set forth in this Office action and to include all of the limitations

of the base claim and any intervening claims.

Application/Control Number: 09/232,769                                    Page 5
Art Unit: 2612

10.    Claims 30 and 32 are objected to as being dependent upon a rejected base claim, but

would be allowable if rewritten in independent form including all of the limitations of the base

claim and any intervening claims.

### *Conclusion*

Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Catherine Toppin whose telephone number is (703) 305-8144.

The examiner can normally be reached on Monday through Friday 8:00am-5:30 pm.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Wendy Garber can be reached on (703) 305-4929.  The fax phone numbers for the

organization where this application or proceeding is assigned are (703) 308-905 for regular

communications and After Final communications.

Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to Customer Service whose telephone number is (703) 306-0377.

CJT
November 4, 2002

WENDY R. GARBER
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600

| **Notice of References Cited** | Application/Control No.<br>09/232,769 | Applicant(s)/Patent Under Reexamination<br>YU ET AL. | |
| | Examiner<br>Catherine  Toppin | Art Unit<br>2612 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-005436661A | 07-1995 | Yamamoto, Kazumi et al. | 348/263 |
| | B | US-005414465A | 05-1995 | Kodama, Yasumasa et al. | 348/264 |
| | C | US-004506294 | 03-1985 | Nagumo, Fumio | 358/50 |
| | D | US-005081525 | 01-1992 | Akiyama, Toshiyuki | 358/51 |
| | E | US-006021172 | 02-2000 | Fossum, Eric | 377/60 |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN  PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | JP 06-351029 | 12-1994 | Japan | Masaru, Kawase | H04N 9/09 |
| | O | JP 2000-050295 | 02-2000 | Japan | Hiromasa, Kinoshita | H04N 9/093 |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.