UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YANBIN YU, et al.,

        Plaintiffs,

   v.

APPLE INC.,

        Defendant.

Case No. 3:18-cv-06181-JD

**ORDER RE ATTORNEY'S FEES**

Re: Dkt. No. 81

Plaintiffs Yanbin Yu and Zhongxuan Zhang ("Yu") alleged that Apple cell phones with dual-lens cameras infringed U.S. Patent No. 6,611,289 ("'289 patent"). They filed a virtually identical suit against Samsung regarding its devices. *See* Dkt. No. 61 in *Yu v. Samsung Elecs. Co.*, Case No. 18-cv-06339-JD (N.D. Cal.). The Court dismissed Yu's original complaints because the '289 patent was directed to unpatentable subject matter under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014). *Yu v. Apple Inc.* (*Yu I*), 392 F. Supp. 3d 1096, 1108 (N.D. Cal. 2019). Yu was granted leave to amend. *Id.* The amended complaints were dismissed with prejudice, and judgment was entered against plaintiffs. *Yu v. Apple Inc.* (*Yu II*), ___ F. Supp. 3d ___, 2020 WL 1429773, at *7 (N.D. Cal. Mar. 24, 2020); Dkt. No. 78; Dkt. No. 76 in Case No. 18-cv-06339-JD.

Apple then filed a motion for attorney's fees under 35 U.S.C. § 285. Dkt. No. 81. Samsung is not seeking fees. The Court finds Apple's motion suitable for decision without oral argument pursuant to Civil L.R. 7-1(b) and vacates the hearing set for May 14, 2020. The motion is denied.

Background about the patent and patentable subject matter are provided in the Court's dismissal orders. The parties' familiarity with the record is assumed.

Section 285 of the Patent Act provides that the "court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The Court set out the standards that govern Section 285 fee awards in *In re Protegrity Corp.*, Case No. 15-md-02600-JD, 2017 WL 747329 (N.D. Cal. Feb. 27, 2017). "The district court determines whether an action qualifies as exceptional in light of the totality of the circumstances in each case. Relevant factors include, but are not limited to, 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' A preponderance of the evidence standard applies, and the disposition of the fee request is entrusted to the district court's sound discretion." *Id.* at *2 (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2016)) (other citations omitted). Fee shifting is warranted only where "the totality of the circumstances . . . show[s] that a case was egregious on the merits or in the way it was handled, or in some combination of the two." *Id.*

*In re Protegrity* emphasized two other important points. First, fee "shifting is not imposed as a penalty just for losing a patent infringement case. . . . The determinative test is 'the substantive *strength* of a party's litigating position' and specifically whether it was 'so merit-less as to "stand out" from the norm and, thus, be exceptional.'" *Id.* at *3 (citing *SFA Systems, LLC v. Newegg, Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (quoting *Octane Fitness*, 572 U.S. at 554) (emphasis in *SFA Systems*)). Second, "the facts that brand a case as exceptional should be fairly visible in the record. . . . A fee motion should not force the court to painfully reconstruct the minutiae of old arguments or spend days poring over masses of conflicting declarations, transcripts and other evidence." *Id.*

Apple has not shown that exceptional circumstances are present here. It seeks fees incurred only in moving to dismiss Yu's amended complaint. Dkt. No. 81 at 1. By taking that position, it effectively concedes that the claim Apple products infringed the '289 patent was not exceptional when this case was filed. Nothing in the first dismissal order changes that analysis. The Court found that amendment would not "necessarily be futile, and so plaintiffs may file amended complaints." *Yu I*, 392 F. Supp. 3d at 1108. This is precisely what Yu did. A patent is

presumed to be valid, and the burden was on Apple to prove invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). Neither the substantive strength or manner in which Yu litigated this case requiring Apple to meet that burden was unreasonable or exceptional.

The cases that Apple cites do not disturb this conclusion. For example, in *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907 (Fed. Cir. 2012), the plaintiff engaged in litigation misconduct by misrepresenting the law of claim construction and relying on expert testimony that failed to meet minimal standards of reliability. *Id.* at 919-20. The Federal Circuit affirmed the award of fees under Section 285 because the case was extended under those circumstances, which are not present here. *Id.* at 920-21.

Apple's suggestion that fees are justified because Yu is a non-practicing entity is also unavailing. Even assuming this characterization is accurate, which is not clear, non-practicing entities certainly are allowed to pursue infringement claims and lose cases without automatically paying a defendant's legal bills.

**IT IS SO ORDERED.**

Dated: May 12, 2020

JAMES DONATO
United States District Judge